John  Adelman
         vs.              No.60301
George  McKendall

August 1, 1925.

SUMNER, J. Plaintiff has brought suit to recover damages for defective mason work, including the laying of cement floors in two houses belonging to him. The jury brought in a verdict for the defendant and plaintiff has filed a motion for a new trial.

It seems that defendant entered into a written agreement to do mason work and cement work for the plaintiff in the erection of a house on Melrose street. This agreement, apparently, included the laying of a cement floor in the cellar although it is not specifically mentioned. Shortly after the work was done, it was agreed that the defendant should do a similar job in the house belonging to the plaintiff on Maryland avenue. The plaintiff paid for both jobs and later the defects appeared.

It is evident that there are defects in both floors although the defendant is loath to admit it. His two witnesses, however, testified that there are cracks in the Melrose street cellar floor. One of them says there are two long cracks where the surface has caved in and the other says there are eight or nine cracks. One of the defendant's witnesses testified that the cellar floor in the Maryland avenue house is rough in two places. In the Melrose street house plaintiff's witnesses claim the cellar floor is badly cracked and that sand can be swept off the surface. There are 20 or 30 cracks, one witness says. In the Maryland avenue house they say that the concrete floor is so soft that holes can be rubbed through the floor with one's shoe.

The defendant explains the cracks in the cellar of the Melrose street house by saying that they were caused by the floor caving in over an excavation made for the sewer drain, and also that someone has been using a chopping block or a hammer or some other instrument upon the floor. Mr. Newton, a tenant, denied that a chopping block had ever been used on the floor of the cellar and there is no positive testimony that any instrument has been so used. The defendant knew of the sewer excavation and ought to have known that any future trouble from that source could be avoided by proper tamping or puddling around the drain before he had laid the floor. Defendant explains the roughness of the floor in the cellar of the Maryland avenue house by saying that he laid the floor in very cold weather, in December, when there was no glass in the cellar windows, upon the assurance of the plaintiff that the boiler would be put in that morning. The plaintiff and his witness Newton, on the contrary, say that the cellar floor was finished in the fall. Plaintiff's witness Follett, apparently more experienced in cement work than the defendant and his witnesses, testified that the cement on the cellar floor of the Maryland avenue house was not properly mixed and that freezing would only cause a scaling of the top.

The Court is not impressed with the explanations of the defendant, ·ingen-

ious though they are, and believes that the work was not properly done. The jury should have awarded plaintiff some measure of damage.

Plaintiff's motion for a new trial is granted.

For Plaintiff: Frank H. Bellin.

For Defendant: Edward M. Sullivan, John J. Sullivan.